**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

2013 AUG 20 P 1: 24

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN DEVANEY | : | |
| Plaintiff, | : | |
| v. | : | C A 13-510L |
| 1. Attorney Peter F. Kilmartin | : | |
| Attorney General for the State of RI | : | Judge Magistrate Patricia A Sullivan |
| | : | PAS |
| 4. Mr. Richard I. Kerbel | : | |
| Interim Town Manager | : | |
| Town of Narragansett | : | |
| | : | |
| 2. Most Reverend Thomas J. Tobin | : | |
| President St. Thomas More Church | : | |
| Narragansett Pier | : | |
| | : | |
| 3. Most Reverend Thomas J. Tobin | : | |
| Roman Catholic Bishop of Providence | : | |
| | : | |
| 3. Ms. Linda O'Neill | : | |
| Parish Administrator | : | |
| St Peters by-the-sea Episcopal Church | : | |
| | : | |
| 5. Archbishop Carlo Maria Vigano | : | |
| Apostolic Nuncio of the Apostolic | : | |
| Nuncature of the Holy See | : | |
| to the United States | : | |
| | : | |
| 6. POPE FRANCIS | : | |
| The Holy See | : | |
| Vatican City | : | |
| Defendants, | : | |

Amended

COMPLAINT

Plaintiff, a senior citizen, has been a resident continuously for the past 18 years of a small village in the Town of Narragansett, County of Washington, State of Rhode Island. Plaintiff resides in his own home, on his own property which is located across the street from the St Thomas More Church and its attached bell tower. In the belfry of this bell tower, hangs the St Thomas More Church bell. Plaintiff's bedroom and bathroom fronts the St Thomas More Church property, bell tower and bell.

1

When Plaintiff purchased his home and moved in with his family of four young children and then wife in July of 1995, the St Thomas More bell did not operate and had not operated for a number of years, but beginning in the year 2000 or 2001 a new religious administrator was appointed to the St Thomas More Church, and the bell was upgraded to operate by an electric motor and timer, and its sound volume, increased or decreased by an adjustable control. The bell was also upgraded to operate as a gong. In this case the bell is held stationary and struck the clapper or hammer.

These electrically generated bell-claps and gongs can be quite loud, for the bell-noise is amplified electronically and broadcast through loudspeakers. Plaintiff has measured the decibel level of this bell-noise reaching upwards of 100 decibels.

The bell is programmed to operate:

Monday through Sunday at 12 noon and 6 pm, when the Christian prayer and devotion, the "Angelus" is broadcast, consisting of 18 gongs for each prayer for a total of 252 gongs per week;

Monday through Saturday, at 8:45 am each day, 50 bell-claps are broadcast through the loudspeakers for a total of 300 per week;

On Saturday afternoon, at 4:45 pm another 50 bell-claps are broadcast, and on Sunday morning at 7:45 am, another 50 bell-claps, and at 9:45 am an additional 50 bell-claps are broadcast;

All totaled 700 bell-claps and gongs per week, or roughly 36,000 bell-claps and gongs per year, not including gongs broadcast for funerals and weddings.

The bell's loud, noise volume, the reoccurrence in with which the bell is operated, and the number of bell-claps and gongs broadcast, has been, and is disruptive and quite disturbing to Plaintiff, as these bell-claps and gongs from the St Thomas More bell cross over onto Plaintiff's Property in permanent trespass; interrupting Plaintiff's sleep, his dreams, his thought and reading, study, bathing, watching television, speaking over the telephone, listening to music and radio, relaxing, and working about his house.

The bell-noise has forced Plaintiff inside, no longer able to enjoy his front porch or front, side or rear yards, cautious always, of the bell and when it will be operated. The bell noise also interrupts Plaintiff's conversations with family and guests, and generates in him emotional upset, he is fearful of inviting his two infant grandchildren to his home for the loud, bell noise's effects upon these children.

Further, Plaintiff's house is an older home built around the turn of last century, it is not conventionally air-conditioned, as his house was designed to catch the breezes of the area for cooling; however, the decibel level of the St Thomas More bell is so high, and the bell's operation so often, Plaintiff has been forced to keep his storm windows up, all year long in an

effort to help reduce and block out the noise, thus further denying Plaintiff full enjoyment of his house during the summer time. Plaintiff has at times had to wear earplugs throughout the day both inside and outside of his house.

In an attempt to ameliorate his situation, Plaintiff has even moved from his bedroom and bath to his daughter's former bedroom in the back of his house, yet from this room and all throughout Plaintiff's house, the sound of the St Thomas More bell is disturbingly heard, placing emotional stress on Plaintiff, and denying Plaintiff the peaceful enjoyment of his property.

To the rear of Plaintiff's property and house in a north-easterly direction and across the street is the St. Peters' by-the-sea Episcopal Church, and whose bell tower, beginning after Plaintiff moved to his home, was upgraded to broadcast electronic, bell sounds from its bell tower. These sounds electronically amplified and broadcast through loudspeakers, mark the hours during daylight, and cross over onto Plaintiff's Property in permanent trespass; interrupting Plaintiff's sleep, his dreams, thought, and reading, study, bathing, watching television, speaking over the telephone, listening to music and radio, relaxing, and working about his house. The bell-noise also has forced Plaintiff inside, no longer able to enjoy fully his side or rear yards, and cautious of when the bell will be operated and the disturbance begun. This bell-noise also interrupts Plaintiff's conversations with family and guests, and generates in him emotional upset, denying Plaintiff peaceful enjoyment of his property.

Plaintiff also claims the bell noise and bell sounds from the St Peters-by-the-sea and the St Thomas More Church for the many years that they have operated, added unnecessary stress to his family's living conditions and quality of life for him and his family, and that these bell sounds did indeed help precipitate unhappiness about his house, interfering with his relationships with his children and then wife, leading at times to frustration and bad moods which at times led to arguments and complaints thereby emotionally distancing Plaintiff from his children and them from him, and helping to precipitate an irretrievable breakdown in his marriage of 23 years and subsequent divorce finalizing in the year 2005. Thus resulting in the physical separation of Plaintiff from his two youngest children, and the loss of their comfort to Plaintiff, and the loss of Plaintiff's ability to physically comfort them on a daily basis due to physical separation, this, in addition to the alienation of Plaintiff from his children and his then wife.

Plaintiff does not overstate his case, for with over approximately 1,000 bell-claps, gongs, and electronic bell sounds broadcast each week from either side of Plaintiff' property onto Plaintiff's Property and into Plaintiff's house in permanent trespass, has indeed caused stress.

Plaintiff has many times complained about the reoccurrence, the number and the high noise level of these noises to civil authorities and departments within the State of Rhode Island and the Town of Narragansett; however, R.I., Gen. Laws Section 42-80.1-3, The Religious Freedom Restoration Act, raises the bar to the equal application of law and codes, thereby denying Plaintiff the peaceful enjoyment of his property and protections guaranteed within the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff further claims the Town of Narragansett negligent in its lack of enforcement of its Noise Code Sec. 22-46 (a).

Plaintiff complained to employees and authorities of the defendant religious organizations, but has no relief, and indeed Plaintiff alleges that the Holy See has encouraged policies for the automation, high volume, use and timing of Catholic Church bells, including the St Thomas More bell, negligently and without consideration of these policies' consequences, thus contributing to Plaintiff's predicament and loss.

Therefore Petitioner asks that the Court grant the following relief:

1. Order Attorney Kilmartin, Attorney General for the State of Rhode Island and Providence Plantations to cease, and desist from enforcing R.I. Gen. Laws Section 42-80.1-3, The Religious Freedom Restoration Act.

2. Null and void, by declaration in chief, R.I. Gen. Laws Section 42-80.1-3, The Religious Freedom Restoration Act.

3. Order the St Thomas More Church to reduce and maintain a reduction in its bell's noise volume; the bell's operational reoccurrences, and, the number of bell-claps and gongs, such that Plaintiff can peacefully enjoy his property.

4. Order St. Peters by-the-sea Episcopal Church to reduce and maintain a reduction in its bell noise and sound volume, a decrease in its bell-sound operation in number of bell sounds and occurrences of bell sounds, such that Plaintiff can peaceful enjoy his property.

5. Order the Town of Narragansett to enforce its Noise Ordinance, Section 22-46 (a) limiting the bell noise of each, the St Thomas More Church, and St Peters by-the-sea Church, bell noise to 5 decibels above their ambient decibel levels.

7. Order the defendants to pay to Plaintiff, money damages for the disruption to Plaintiff's life for these past number of years, day in, day out, day in, day out, caused by the loud volume, the high number and high reoccurrences of bell noises, gongs and bell-claps broadcast by the St Thomas More Church, bell sound system and the St Peter's by-the-sea Episcopal Church, bell sound system.

6. Award Plaintiff all Court costs associated with this suit.

7. Grant any other relief to which Plaintiff may be entitled.

Date 8/20/13

(Signature)

Pro se

John Devaney
(Printed name)

4

56 Rockland Street
<u>Narragansett, RI 02882</u>
(Address)


(Telephone)

<u>devanej@egr.uri.edu</u>

(email)