UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN DEVANEY, *pro se*
*Plaintiff,*

VS.                                                                                       Case No.:  1:13-cv-00510

PETER F. KILMARTIN, Attorney General for the State of Rhode Island and Providence Plantations; RICHARD I. KERBEL, Interim Town Manager for the Town of Narragansett; MOST REVEREND THOMAS J. TOBIN, President of St. Thomas More Church Narragansett Pier, Roman Catholic Bishop of Providence; LINDA O'NEILL, Parish Administrator at St. Peters by-the-sea Episcopal Church; ARCHBISHOP CARLO MARIA VIGANO, Apostolic Nuncio of the Apostolic Nuncature of the Holy See to the United States; and POPE FRANCIS, the Holy See of Vatican City,
*Defendants.*

## **DEFENDANT PETER F. KILMARTIN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOCKET ENTRY NO. 5)**

Now comes Defendant Peter F. Kilmartin, Attorney General for the State of Rhode Island and Providence Plantations (hereinafter, the "Attorney General"), and hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint (Docket Entry No. 5). A memorandum in support hereof is attached.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted,

Defendant,
Peter F. Kilmartin, Attorney General for the State of Rhode Island and Providence Plantations

By his Attorney,
PETER F. KILMARTIN,
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*
*/s/ Maria R. Corvese*
_____
Rebecca Tedford Partington, #3890
Assistant Attorney General
Maria R. Corvese, #8558
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel:  401-274-4400 x. 2402/2225
Fax:  401-222-2995

## CERTIFICATION

I hereby certify that I have filed the within Motion via the ECF system and that a copy is available for viewing and downloading.  I further certify that I mailed a copy of the within Motion by first class mail, postage prepaid, on this 10th day of December 2013 to:

Mr. John Devaney
56 Rockland Street
Narragansett, Rhode Island 02882

*/s/ Rebecca Tedford Partington*
_____

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN DEVANEY, *pro se*
*Plaintiff*,

VS.

PETER F. KILMARTIN, Attorney General for the State of Rhode Island and Providence Plantations; RICHARD I. KERBEL, Interim Town Manager for the Town of Narragansett; MOST REVEREND THOMAS J. TOBIN, President of St. Thomas More Church Narragansett Pier, Roman Catholic Bishop of Providence; LINDA O'NEILL, Parish Administrator at St. Peters by-the-sea Episcopal Church; ARCHBISHOP CARLO MARIA VIGANO, Apostolic Nuncio of the Apostolic Nuncature of the Holy See to the United States; and POPE FRANCIS, the Holy See of Vatican City,
*Defendants*.

Case No.: 1:13-cv-00510

**MEMORANDUM IN SUPPORT OF DEFENDANT PETER F. KILMARTIN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOCKET ENTRY NO. 5)**

Now comes Defendant Peter F. Kilmartin, Attorney General for the State of Rhode Island and Providence Plantations (hereinafter, the "Attorney General"), and hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint (Docket Entry No. 5). First, Plaintiff's Amended Complaint should be dismissed because this Honorable Court does not have subject matter jurisdiction. Second, even if there was such jurisdiction, the Plaintiff fails to state a claim against the Attorney General upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Third, if this Honorable Court determines that Plaintiff does state a cognizable claim against the Attorney General, Plaintiff has failed to draft his Amended Complaint in accordance with the Federal Rules of Civil Procedure, which is grounds for dismissal.

I. **Introduction**

On August 20, 2013, Plaintiff filed an Amended Complaint against the Attorney General,

Richard I. Kerbel, Thomas J. Tobin, Linda O'Neill, Carlo Maria Vignano, and Pope Francis.[1] Plaintiff's Amended Complaint appears to be a nuisance action, as he complains that the church bells from St. Thomas More Church and St. Peters-by-the Sea Episcopal Church in Narragansett, Rhode Island deny him "peaceful enjoyment of his property." See Plaintiff's Amended Complaint, p. 3. Plaintiff also appears to blame the church bells for the dissolution of his marriage and loss of relationship with his children. See id. With respect to the Attorney General, the Plaintiff asks this Honorable Court to "[o]rder Attorney Kilmartin, Attorney General for the State of Rhode Island and Providence Plantations to cease, and desist from enforcing R.I. Gen. Laws Section 42-80.1-3, The Religious Freedom Restoration Act." See id. at 4. Plaintiff also prays that all Defendants pay "money damages for the disruption to Plaintiff's life for these past number of years, day in, day out, day in, day out, caused by the loud volume, the high number and high reoccurrences of bell noises, gongs and bell-claps broadcast by the St[.] Thomas More Church, bell sound system and the St[.] Peter's by-the-sea Episcopal Church, bell sound system." See id.

**II.   Standard of Review**

    a.   Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1)

Because the Attorney General's Motion to Dismiss prays for dismissal of Plaintiff's Amended Complaint based on both lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6), this Honorable Court should decide the Rule 12(b)(1) motion first. See Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995)("When faced with motions

---

[1] The Plaintiff sent the Attorney General a request to waive service of summons dated October 12, 2013. By letter dated October 29, 2013, the Attorney General sent the Plaintiff a letter along with two executed waivers of summons. Plaintiff does not appear to have filed these waivers with the Court.

2

to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."). "The objection that a federal court lacks subject-matter jurisdiction…may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbuagh v. Y&H Corp., 546 U.S. 500, 506 (2006). The plaintiff, however, bears the burden of establishing that this Court has subject matter jurisdiction. Viquiera v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)("Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. Instead, the proponent – here, the plaintiffs – must carry the burden of demonstrating the existence of federal jurisdiction."). Further, "[f]acial attacks on a complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for purposes of the motion.'" Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007)(internal citations omitted).

  b. Failure to State a Claim pursuant to Fed.R.Civ. P 12(b)(6)

In order to survive a 12(b)(6) motion to dismiss, a plaintiff must state "a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570; see also Iqbal, 556 U.S. at 678 (the Rule 12(b)(6) standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusations. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The First Circuit has stated that a plaintiff's complaint must be more than a series of legal conclusions "couched as facts." Mead v. Independence Ass'n., 684 F.3d 226, 231 (1st Cir. 2012); see also Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). If a

3


plaintiff's complaint is composed solely of vapid factual accusations that are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," then the complaint may be dismissed. SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc). Even before Iqbal, the First Circuit held that "unlikely speculations" and baseless allegations of a "conspiracy" should not be treated as "a sufficient basis for a complaint." DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 56-57 (1st Cir. 1999).

### III. Argument

#### a. This Honorable Court lacks subject matter jurisdiction

##### i. There is no diversity between the Plaintiff and the Attorney General.

According to 28 U.S.C. 1332(a), federal courts have original jurisdiction to hear civil actions arising between citizens of different states that have an amount in controversy in excess of seventy five thousand ($75,000) dollars. Specifically, 28 U.S.C. 1332 states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1)** citizens of different States;
> **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

The United States Supreme Court has held that "citizens of different states" means that both the plaintiff and the defendant must not be from the same State in order to proceed in federal court. See e.g. Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388, 118 S. Ct. 2047, 2052, 141 L. Ed. 2d 364 (1998). ("A case falls within the federal district court's 'original'

diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). Here, the Plaintiff states that he "has been a resident continuously for the past 18 years of a small village in the Town of Narragansett, County of Washington, State of Rhode Island." See Plaintiff's Amended Complaint, p.1. As the Attorney General for the State of Rhode Island, the Attorney General is a citizen of Rhode Island. Therefore, because both the Plaintiff and the Attorney General are not citizens of different States, there is no diversity. Thus, Plaintiff is barred from bringing this action in this Honorable Court against the Attorney General.

> ii. This Honorable Court further lacks subject matter jurisdiction because the Plaintiff has presented no federal question to be decided.

In addition to lacking diversity jurisdiction, the Plaintiff's claim against the Attorney General arises out of state, not federal, statute and thus presents no federal question to be adjudicated by this Court. 28 U.S.C. 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Section 1331 extends federal jurisdiction to 'those [cases] in which federal law creates the cause of action.' " Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 809 (1986); see also Grapentine v. Pawtucket Credit Union, CA 13-343-M, 2013 WL 3043367 (D.R.I. June 17, 2013).

Here, the basis of Plaintiff's Amended Complaint is two-fold: a challenge to a municipal noise ordinance, and a challenge to Rhode Island's Religious Freedom Restoration Act, R.I.G.L. §42-80.1-3. Nowhere in his Amended Complaint does the Plaintiff plead any challenge to a federal statute. Federal courts will hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." See Franchise Tax

5

Bd. of CA v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). While the Plaintiff states that the applicability of this statute denies him "the peaceful enjoyment of his property and protections guaranteed within the First, Fifth, and Fourteenth Amendments to the United States Constitution," the Plaintiff never actually claims that R.I.G.L. §42-80.1-3 is unconstitutional under either the United States Constitution or the Rhode Island Constitution. "[I]t is well settled that 'the party challenging the constitutional validity of an act carries the burden of persuading the court that the act violates an identifiable aspect of the Rhode Island or United States Constitution.'" See Moreau v. Flanders, 15 A.3d 565, 574 (R.I. 2011)(internal citation omitted). The Plaintiff here thus bears the burden of articulating a constitutional challenge to a particular statute, which he does not. Even if the Plaintiff had presented valid constitutional issues, the United States Supreme Court has held that constitutional issues should be decided only when there are no other alternative grounds upon which to decide a case:

> The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of…if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.

See Ashwander v. Tennessee Valley Auth., 297 U.S. 288, 347 (1936). See also El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 495 (1st Cir. 1992)("Unsettled constitutional questions should be decided only as a last resort.").

Further, while the Plaintiff mentions possible interference with his First, Fifth, and Fourteenth Amendment rights, "[a]lleging a constitutional wrong is insufficient to survive a Rule 12(b)(6) motion unless plaintiff can point to another federal statute or the existence of a federal common law cause of action." See Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto, 522 F.3d 1, 5 (1st Cir. 2008). Again, the Plaintiff only cites alleged violations of

R.I.G.L. §42-80.1-3 and Narragansett's Noise Code. Respectfully, a federal constitutional case cannot be made out of a state sand dune or a municipal molehill.  Since the Plaintiff has alleged no violation of federal statute nor established that his "right to relief necessarily depends on resolution of a substantial question of federal law," this Honorable Court lacks subject matter jurisdiction and should dismiss Plaintiff's Amended Complaint.

    b. <u>The Plaintiff's Amended Complaint is not "well-pleaded" in violation of Rules 8(a), 8(d) and 10(b) of the Federal Rules of Civil Procedure, and thus warrants dismissal</u>.

The Plaintiff's Amended Complaint violates the basic requirements of a well-pleaded complaint.  Fed.R.Civ.P. 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed.R.Civ.P. 8(d).  A party is further required to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Fed.R.Civ.P. 10(b). As indicated by the other Defendants, the purpose behind the rules is to allow for clarity in both the allegations and the responses to the allegations. Here, Plaintiff's Amended Complaint is an unorganized narrative without numbered paragraphs.  Plaintiff fails to make a "short and plain statement" directly detailing his causes of action. Plaintiff also fails to make a coherent nexus between the relief sought and his underlying claims. While the Attorney General recognizes the Plaintiff's *pro se* status and further recognizes that courts typically "hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects," the Attorney General, as well as all Defendants, cannot be expected to know what the Plaintiff is pleading when his Amended Complaint is so unorganized as to concisely and directly state his claim. See <u>Dutil v. Murphy</u>, 550 F.3d 154, 158-159 (1st Cir. 2008).  Accordingly, Plaintiff's Complaint should be dismissed.

7

    c.  The Plaintiff has failed to state a claim against the Attorney General.

The Plaintiff has failed to state a claim against the Attorney General. Plaintiff takes the Attorney General to task for enforcing Rhode Island's Religious Freedom Restoration Act ("Act"), specifically R.I.G.L. §42-80.1-3, which states:

> (a) Except as provided for in subsection (b), a governmental authority may not restrict a person's free exercise of religion.
>
> (b) A governmental authority may restrict a person's free exercise of religion only if:
>
> (1) The restriction is in the form of a rule of general applicability, and does not intentionally discriminate against religion, or among religions; and
>
> (2) The governmental authority proves that application of the restriction to the person is essential to further a compelling governmental interest, and is the least restrictive means of furthering that compelling governmental interest.

R.I. Gen. Laws Ann. § 42-80.1-3 (West).

The only relief the Plaintiff seeks from the Attorney General is to "cease, and desist" from enforcing § 42-80.1-3 of the Act. R.I.G.L. § 42-80.1-3, and the Act as a whole, is not applicable to the present action. The Act was designed to protect the free exercise of religion and to prohibit the government from restricting such free exercise. In his Amended Complaint, Plaintiff only alleges that church bells interfere with his "peaceful enjoyment of his property" and have caused him emotional distress. Plaintiff never alleges that any of the Defendants, or any of the laws of the State of Rhode Island, have restricted his free exercise of religion. Without such allegation, R.I.G.L. §42-80.1-3 is irrelevant to the matter at hand, and therefore the relief sought from the Attorney General – to cease and desist enforcement of such statute – is nonsensical. Thus, this Honorable Court should dismiss Plaintiff's Amended Complaint against the Attorney General for failure to state a claim upon which relief can be granted.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed as against Defendant Attorney General Kilmartin.

                Respectfully submitted,

                Defendant,
                Peter F. Kilmartin, Attorney General for the
                State of Rhode Island and Providence
                Plantations

                By his Attorney,
                PETER F. KILMARTIN,
                ATTORNEY GENERAL

                */s/ Rebecca Tedford Partington*
                */s/ Maria R. Corvese*
                _____
                Rebecca Tedford Partington, #3890
                Assistant Attorney General
                Maria R. Corvese, #8558
                Special Assistant Attorney General
                150 South Main Street
                Providence, Rhode Island 02903
                Tel:  401-274-4400 x. 2402/2225
                Fax:  401-222-2995

### **CERTIFICATION**

I hereby certify that I have filed the within Memorandum via the ECF system and that a copy is available for viewing and downloading.  I further certify that I mailed a copy of the within Memorandum by first class mail, postage prepaid, on this 10th day of December 2013 to:

Mr. John Devaney
56 Rockland Street
Narragansett, Rhode Island 02882

                */s/ Rebecca Tedford Partington*
                _____