UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN DEVANEY, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-510L |
| | : | |
| ATTORNEY PETER F. KILMARTIN, | : | |
| Attorney General for the State of Rhode | : | |
| Island, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

> "The act of bell ringing is symbolic of all proselytizing religions.  It implies the pointless interference with the quiet of other people."
> –Ezra Pound

Like Ezra Pound, *pro se* Plaintiff John Devaney is deeply disturbed by the tintinnabulation of the church bells emanating from St. Thomas More Catholic Church and St. Peter's by-the-Sea Episcopal Church, both near to his home in Narragansett, Rhode Island. While Mr. Devaney's exasperation is clear as a bell in his Amended Complaint, the connection between his pique and a plausible federal cause of action is not.  It is conceivable that he may have an important claim arising under the United States Constitution; however, his pleading does not articulate one.  For this reason, I recommend that the motions to dismiss the Amended Complaint filed by the four defendants who have appeared in this suit – Peter Kilmartin, Attorney General for the State of Rhode Island ("Attorney General Kilmartin"), Thomas Tobin, President of St. Thomas More Church, Narragansett Pier, and Roman Catholic Bishop of Providence ("Bishop Tobin"), Linda O'Neill, Parish Administrator for St. Peter's ("Ms. O'Neill"), and Richard Kerbel, Interim Town Manager of Narragansett ("Mr. Kerbel") – be GRANTED, provided that Mr. Devaney be allowed thirty days to file a Second Amended

Complaint that both states a plausible federal claim and conforms to the applicable procedural pleading requirements.  ECF Nos. 11, 17, 21 and 26.  I also recommend that Mr. Devaney's *ex parte* motion for "emergency injunctive relief nisi" to restrain the ringing of the bells at St. Thomas More and St. Peter's Churches be DENIED.  ECF No. 9.

I held a hearing on four of the five motions on January 8, 2014, and have considered all of the parties' written arguments.[1]  The reasoning for these recommendations follows.

## I.     Background

Mr. Devaney's original filing in July 2013 was accompanied by a motion for leave to proceed *in forma pauperis* ("IFP").  See 28 U.S.C. § 1915.  That Complaint focused only on the pealing of the bells at St. Thomas More Church, sued only Attorney General Kilmartin and sought a declaration that the Religious Freedom Restoration Act, R.I. Gen. Laws § 42-80.1-3,[2] is

---

[1] Five motions have been referred to me for report and recommendation.  ECF Nos. 9, 11, 17, 21 and 26.  Because Bishop Tobin's motion to dismiss, ECF No. 26, was filed immediately before the hearing, it was not fully briefed and was not scheduled for argument at the hearing.  To allow Mr. Devaney ample time to respond to Bishop Tobin's motion, I set a briefing schedule, but deemed further oral argument unnecessary.  With the final brief filed on January 24, 2014, all of the five motions are now ripe for decision.

[2] The Religious Freedom Restoration Act, R.I. Gen. Laws § 42-80.1-3, in its entirety, states:

    a)   Except as provided for in subsection (b), a governmental authority may not restrict a person's free exercise of religion.

    b)   A governmental authority may restrict a person's free exercise of religion only if:
        (1) The restriction is in the form of a rule of general applicability, and does not intentionally discriminate against religion, or among religions; and
        (2) The governmental authority proves that application of the restriction to the person is essential to further a compelling governmental interest, and is the least restrictive means of furthering that compelling governmental interest.

The Rhode Island General Assembly adopted the Religious Freedom Restoration Act in 1993.  In the same year, Congress adopted a controversial federal version, also called the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq*., to legislatively overrule Emp't Div., Dep't of Human Res. v. Smith, 494 U.S. 872 (1990).  The constitutionality of 42 U.S.C. § 2000bb was successfully challenged as applied to the states.  Boerne v. Flores, 521 U.S. 507, 523-36 (1997).  After Boerne, § 2000bb, which has since been amended, continues to apply to the federal government but not to the states.  See, e.g., Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 424 n.1 (2006).  A new constitutional challenge to § 2000bb has recently arisen in a case currently pending before the Supreme Court.  See Brief for Freedom from Religion Foundation *et al.* as Amici Curiae Supporting Petitioner, Sebelius v. Hobby Lobby Stores, Inc., No. 13-354 (U.S. Jan. 27, 2014), 2014 WL 333897, at *8.  The federal Religious Freedom Restoration Act is unrelated to Mr. Devaney's claims.

unconstitutional because it violates the Establishment Clause in the First Amendment of the United States Constitution.[3]  ECF No. 1.  The District Court referred the IFP motion to me; after recommending that the IFP motion be denied, I screened the Complaint pursuant to 28 U.S.C. § 1915.  ECF No. 6.  I concluded it did not appear to state a viable claim because Mr. Devaney had failed to explain how the allegedly unconstitutional state statute was related to his unsuccessful efforts to reduce the offensive – to him – volume of the church bells and had failed to name any person or entity responsible for his injury.  Id. at 3.  Accordingly, I recommended to the District Court that Mr. Devaney be required pay the filing fee and directed to file an Amended Complaint addressing these deficits within thirty days; if he did not, I recommended that the Complaint be dismissed.

Mr. Devaney initially objected to the report and recommendation, but before the District Court ruled, he voluntarily paid the $400 fee and filed the Amended Complaint now challenged by these motions.[4]  The Amended Complaint expanded the list of named defendants; in addition to Attorney General Kilmartin, the new pleading joins Bishop Tobin (of St. Thomas More), Ms. O'Neill (of St. Peter's) and Mr. Kerbel (from Narragansett), and purports to join Archbishop

---

In 2000, Congress also passed 42 U.S.C. § 2000cc *et seq.*, which addresses land use regulation that affects free exercise of religion.  Unlike the original version of § 2000bb (enacted in 1993), courts consider § 2000cc to be constitutional.  See, e.g., Guru Nanak Sikh Soc. of Yuba City v. Cnty. of Sutter, 456 F.3d 978, 992-95 (9th Cir. 2006); Vision Church v. Vill. of Long Grove, 468 F.3d 975, 989 n.12 (7th Cir. 2006) (citing cases).  The statutory language in § 2000cc—specifying that land use regulation imposing a substantial burden on free exercise is permitted only in "furtherance of a compelling governmental interest" with the "least restrictive means"—is analogous to the language in R.I. Gen. Laws § 42-80.1-3(b)(2), and § 2000cc is often interpreted similarly to many states' Religious Freedom Restoration Acts passed after Smith.  See Patricia E. Salkin, 3 Am. Law. Zoning § 28:2.10 (5th ed. 2013).

[3] The Establishment Clause states that "Congress shall make no law respecting an establishment of religion."  This prohibition is applicable to the states through the Fourteenth Amendment.  See Everson v. Bd. of Educ., 330 U.S. 1, 8 (1947).

[4] The District Court determined the report and recommendation was mooted by Mr. Devaney's compliance with its recommendations.  See Text Order (Sept. 17, 2013).

Carlo Maria Vigano, the Apostolic Nuncio of the Apostolic Nuncature of the Holy See to the United States, and Pope Francis, the current Pope of the Roman Catholic Church.[5]

Like the original Complaint, the Amended Complaint focuses on St. Thomas More Church's electronically-amplified bells, located across the street from Mr. Devaney's home, which he contends have gonged and pealed 700 times per week at upwards of 100 decibels for at least thirteen years.  The Amended Complaint adds another nearby church, St. Peter's Episcopal Church, which Mr. Devaney avers has rung its electronically-amplified bells hourly during daylight "beginning after Plaintiff moved to his home" eighteen years ago.  Mr. Devaney alleges that the constant ringing has caused emotional distress and denied him peaceful enjoyment of his property.  Among other harms, Mr. Devaney claims that the clanging and chiming of these bells have interrupted his sleep, forced him to stay indoors with storm windows closed, required the wearing of earplugs and precipitated an irretrievable breakdown in his twenty-three year marriage, leading to his divorce and loss of the companionship of his two youngest children.

The Amended Complaint is written in a narrative without individual numbered paragraphs for each operative "set of circumstances," clearly-defined causes of action or specific allegations against most of the defendants, contrary to Fed. R. Civ. P. 8(a)(2), 8(d) and 10(b).  Its crucial passage asserts that "Plaintiff has many times complained about the reoccurrence, the number and the high noise level of these noises to civil authorities and departments within the State of Rhode Island and Town of Narragansett."  ECF No. 5 at 3.  The Amended Complaint

---

[5] Attorney General Kilmartin, Bishop Tobin, Ms. O'Neill and Mr. Kerbel have been served and are joined as parties, but Mr. Devaney has been unsuccessful in his attempts to serve Pope Francis and Archbishop Vigano.  While I note that the claims against them appear to hang from even fewer strands than the gossamer supporting the claims against the other defendants, because they have not been served, they are not joined as parties and this report and recommendation does not address the purported claims against them.

leaps from these complaints, which presumably[6] were not fruitful, to the unadorned allegation that "R.I., Gen. Laws Section 42-80.1-3, The Religious Freedom Restoration Act, raises the bar to equal protection of law and codes, thereby denying Plaintiff the peaceful enjoyment of his property and protections guaranteed within the First, Fifth and Fourteenth Amendments to the United States Constitution." Id.  There is no allegation, and no clue from which this Court might draw an inference of an allegation, regarding why or how the Religious Freedom Restoration Act adversely affected his efforts to quiet the chiming of the bells.  Mr. Devaney rounds off his pleading with the vague allegation that Narragansett has been negligent in "its lack of enforcement of its Noise Code Sec. 22-46(a)."  Id.  In his prayer for relief, Mr. Devaney seeks:

- An order requiring St. Thomas More and St. Peter's Churches to reduce the number and volume of the bells.
- An order directing Attorney General Kilmartin to cease and desist from enforcing R.I. Gen. Laws § 42-80.1-3.
- A declaration that R.I. Gen. Laws § 42-80.1-3 is null and void.
- An order directing Narragansett to enforce its noise ordinance to limit the bell noise of St. Thomas More and St. Peter's Churches to five decibels above ambient noise levels.
- An award of money damages from all defendants for the disruption of his life.

## II.   Defendants' Motions to Dismiss[7]

Three of the four motions to dismiss – those of Attorney General Kilmartin, Bishop Tobin and Ms. O'Neill – argue that the Amended Complaint should be dismissed for lack of

---

[6] The Amended Complaint does not describe the result of his complaints to civil authorities; in light of his *pro se* status, I liberally interpret the pleading as permitting the inference that these complaints were unsuccessful. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (pleadings of *pro se* plaintiffs to be liberally construed).  Later in his Amended Complaint, he is clear that he made complaints to the religious organizations and "has no relief."  ECF No. 5 at 4.  As with the complaints to civil authorities, the pleading is completely silent on why or how unsuccessful complaints to the religious organizations implicate a deprivation of a right under the United States Constitution or federal statutes.

[7] The Court rejects Mr. Devaney's asseveration that some of defendants' motions should be denied because they do not state their arguments with particularity, omit exhibits, have incorrect docket numbers or do not have numbered paragraphs.  The requirement of numbered paragraphs is applicable to pleadings, not to memoranda in support of motions. Fed. R. Civ. P. 10(b); see also Fed. R. Civ. P. 7(a) (defining pleadings).  His contentions that their arguments lack particularity, have incorrect docket numbers and omit exhibits are neither well founded nor adequate grounds for disregarding their arguments.

federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Mr. Devaney has failed to plead a federal claim.  "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed."  Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Instead, the proponent of federal jurisdiction, here Mr. Devaney, bears the burden of demonstrating the existence of federal jurisdiction.  Id.  Thus, while the Amended Complaint may set out a well-pled claim for trespass or nuisance under Rhode Island state law, appropriate for consideration in the Rhode Island state courts, it is pending in federal court and can survive only if it gives rise to federal subject matter jurisdiction.  See 28 U.S.C. § 1331 (district courts have original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States").[8]  Fed. R. Civ. P. 12(b)(1) is the correct vehicle to test whether it does.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

When, as here, a Rule 12(b)(1) motion is based on the plaintiff's alleged failure to state a federal claim, unless the claim is entirely frivolous, the court should assume jurisdiction and proceed to decide whether the complaint should be dismissed for failure to state a claim.[9]  Ne. Erectors Ass'n v. Sec'y of Labor, 62 F.3d 37, 39 & n.1 (1st Cir. 1995).  Put differently, when a challenge for failure to state a claim is in the wings, federal question jurisdiction to address it exists as long as the plaintiff has alleged a marginally-colorable federal claim.  U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) ("Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which [the plaintiffs] could actually recover.") (alterations in original); accord Arbaugh, 546 U.S. at 513 n.10 (claim

---

[8] There are other bases for federal subject matter jurisdiction, but none is present here.  See, e.g., 28 U.S.C. § 1332 (original jurisdiction based on diversity of citizenship).  Diversity is lacking because Mr. Devaney and most of the defendants are citizens of Rhode Island.

[9] Different consequences flow from dismissal under Fed. R. Civ. P. 12(b)(1), which is not on the merits and lacks res judicata effect, and dismissal under Fed. R. Civ. P. 12(b)(6), which is with prejudice.  See Ne. Erectors Ass'n, 62 F.3d at 39.

invoking federal question may be dismissed for want of subject matter jurisdiction if it is "wholly insubstantial and frivolous").

Mr. Devaney's invocation of federal question jurisdiction meets this threshold. At its core, the Amended Complaint plainly alleges that the bell ringing is so constant and extreme as to deny him the "protections guaranteed within the First, Fifth and Fourteenth Amendments to the United States Constitution." ECF No. 5 at 3. Given Mr. Devaney's *pro se* status, which requires this Court to construe his pleadings liberally, Campbell v. Cornell Corr. of R.I., Inc., 564 F. Supp. 2d 99, 102 (D.R.I. 2008), the Amended Complaint's invocation of the First, Fifth and Fourteenth Amendments moves the federally-grounded claims beyond the realm of frivolity and into this Court's subject matter jurisdiction. See Diehl v. Vill. of Antwerp, 964 F. Supp. 646, 649-51 (N.D.N.Y. 1997) (complaint for excessive bell ringing invoked subject matter jurisdiction because it plainly sought recovery under the Constitution, though it foundered on the merits for failure to state a claim). Accordingly, I proceed to consider the motions under Fed. R. Civ. P. 12(b)(6), which challenge whether the Amended Complaint states a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.") (internal quotations omitted); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (to be viable, complaint must allege facts sufficient to nudge claims from conceivable to plausible).

Bishop Tobin, Attorney General Kilmartin and Ms. O'Neill correctly contend that the Amended Complaint, as written, fails to state a claim grounded in the United States Constitution upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Like the original Complaint, the Amended Complaint is simply silent regarding how any of the named defendants have engaged

in conduct allegedly violative of any provision of the Constitution so as to give Mr. Devaney a plausible entitlement to relief in federal court.  See Town of Johnston v. MERSCORP, Inc., 950 F. Supp. 2d 379, 381 (D.R.I. 2013) (to withstand a motion to dismiss, a complaint must allege "a plausible entitlement to relief").

The Amended Complaint adverts to violations of the First, Fifth and Fourteenth Amendments, mentions R.I. Gen. Laws § 42-80.1-3, the Religious Freedom Restoration Act, and goes into great detail about the effects on Mr. Devaney of the non-stop pealing and clanging of the bells.  However, it does not connect the dots between § 42-80.1-3 and the bell ringing, nor does it give any inkling as to how or why § 42-80.1-3 is unconstitutional.  He utterly fails to allege facts that could lead to a finding that a public or private actor is liable for the bells based on a federal cause of action.  Under these circumstances, the Amended Complaint fails to state a claim.  However, since it is not "patently meritless and beyond all hope of redemption," Brown v. Rhode Island, 511 F. App'x 4, 6 (1st Cir. 2013), I recommend that Mr. Devaney be given thirty days to file a Second Amended Complaint to address these deficiencies;[10] if he fails to do so, the suit should be dismissed with prejudice.

Attorney General Kilmartin, Mr. Kerbel and Bishop Tobin[11] have also moved to dismiss and/or objected to the Amended Complaint because it is not a "short and plain statement of the claim showing that the pleader is entitled to relief" and "simple, concise, and direct," Fed. R. Civ. P. 8(a), (d), and it fails to "state its claims . . . in numbered paragraphs."  Fed. R. Civ. P. 10(b).  The substance of these arguments is well founded.  The Amended Complaint's current form leaves the defendants to guess which factual allegations and legal theories pertain to each

---

[10] This is Mr. Devaney's second chance at fixing his pleading.  He is cautioned that he may not get another.

[11] The Court notes that Bishop Tobin moved to dismiss for insufficient service of process because he was not served within 120 days.  Fed. R. Civ. P. 4(m).  I recommend that this aspect of the motion be denied without prejudice to Bishop Tobin raising it again if Mr. Devaney files a viable Second Amended Complaint.

of them; it would be virtually impossible for them to craft an Answer except for a general denial. Fed. R. Civ. P. 8(b). If Mr. Devaney files a Second Amended Complaint, it should conform to the relevant rules, including the requirements of numbered paragraphs and a clear statement of which allegations pertain to which defendants.

## III.    Mr. Devaney's Motion for Injunction

A month after filing the Amended Complaint, Mr. Devaney filed a motion seeking *ex parte* "emergency injunctive relief nisi;" it asked this Court to enjoin St. Thomas More and St. Peter's Churches "from all bell sound production excepting only summons to religious worship." ECF No. 9 at 1-2. In support of the motion, Mr. Devaney cited to a nineteenth century case from Missouri, Leete v. Pilgrim Congregational Society, which this Court could not find in any on-line database, but which is cited in the first note of an 1885 Massachusetts state case. Quinn v. Lowell Elec. Light Co., 3 N.E. 200, 200 n.1 (Mass. 1885). It appears to stand for the proposition that a state court may enjoin the ringing of a chime of bells on grounds of nuisance. See id.

On September 18, 2013, by text order, Judge Lagueux declined to consider the motion *ex parte* and ordered Mr. Devaney to serve each defendant with the Amended Complaint and the motion before a hearing would be scheduled. That was never done. On December 4, 2013, the motion for injunctive relief was referred to me for report and recommendation along with the motions to dismiss. Prior to the hearing on the other motions, I reviewed Mr. Devaney's motion for injunctive relief. At the hearing, I advised the parties that I saw no need to tarry for the defendants' objections; I would recommend that the motion be denied without further delay.

Preliminary injunction motions require this Court to consider: (i) the movant's likelihood of success on the merits of his claims; (ii) whether and to what extent the movant will suffer irreparable harm if the injunction is withheld; (iii) the balance of hardships as between the

parties; and (iv) the effect, if any, that an injunction (or the withholding of one) may have on the public interest.  Corporate Techs., Inc. v. Harnett, 731 F.3d 6, 9 (1st Cir. 2013); see also Fed. R. Civ. P. 65.  The four factors are not entitled to equal weight in the decisional calculus; rather, "[l]ikelihood of success is the main bearing wall of the four-factor framework."  Harnett, 731 F.3d at 9-10.  The plaintiff has the burden at the preliminary injunction stage to establish entitlement to relief by a fair preponderance of the evidence.  Rosenfield ex rel. M.R. v. N. Kingstown Sch. Dep't, CA 13-222S, 2013 WL 4047139, at *3 (D.R.I. June 13, 2013).

Mr. Devaney submitted no evidence in support of his motion, and in light of this Court's recommendation that the Amended Complaint fails to state a claim, he has failed to establish a likelihood of success on the merits.  He has also failed to make any showing of irreparable harm and it is unlikely that he can in light of the allegation in the Amended Complaint that the bell ringing began over a decade ago.  Accordingly, I recommend that Mr. Devaney's *ex parte* motion for injunctive relief be denied.  If Mr. Devaney files a Second Amended Complaint, he can bring the motion again, as long as he can marshal a proper evidentiary and legal foundation and provided that he properly serves all defendants.

## IV.    Conclusion

I recommend that the motions to dismiss the Amended Complaint by Defendants Attorney General Kilmartin, Bishop Tobin, Ms. O'Neill and Mr. Kerbel be GRANTED, without prejudice to Mr. Devaney filing a Second Amended Complaint within thirty days of the adoption of this report and recommendation, which must state a federal claim and conform to the pleading requirements in the applicable Rules.  If he does not, the Amended Complaint should be DISMISSED WITH PREJUDICE.  ECF Nos. 11, 17, 21 and 26.  I also recommend that Mr. Devaney's *ex parte* motion for "emergency injunctive relief nisi" be DENIED, provided that he

may bring it again with a proper evidentiary and legal foundation if he files a Second Amended

Complaint and serves it and the preliminary injunction motion on all defendants.  ECF No. 9.

Any objection to this Report and Recommendation must be specific and must be served

and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting

party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a

timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008);

Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 6, 2014