UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN DEVANEY,
    Plaintiff,
v.                               C.A. No. 13-510L

PETER F. KILMARTIN, Attorney
General of the State of RI, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

On March 5, 2014, this Court accepted my report and recommendation and granted the defendants' motion to dismiss Plaintiff John Devaney's *pro se* Amended Complaint without prejudice to Mr. Devaney filing a Second Amended Complaint that states a federal claim and conforms to federal pleading requirements. ECF No. 31. Mr. Devaney's Second Amended Complaint is now challenged by a new round of motions to dismiss filed by each of the five named defendants, including Peter Kilmartin, Attorney General for the State of Rhode Island ("Attorney General"). All five motions have been referred to me for report and recommendation – I held a hearing on August 5, 2014. I write separately on the Attorney General's motion to dismiss because, unlike the other motions, it can be granted without delay based on the agreement of Mr. Devaney and the Attorney General to that outcome. None of the other defendants object to the granting of the Attorney General's motion.

The Second Amended Complaint is devoid of substantive factual allegations against the Attorney General. It mentions him once, stating only that he is named as a defendant because R.I. Gen. Laws § 9-30-11 requires a plaintiff to give notice to the Attorney General of any suit that challenges the constitutionality of a state statute or local ordinance. See Second Am. Compl. ¶ 2. The Attorney General moves to dismiss because R.I. Gen. Laws § 9-30-11 does not require

a plaintiff to name him as a defendant and the Second Amended Complaint alleges no facts against him. Snicker's, Inc., v. Young, 574 A.2d 1246, 1247 (R.I. 1990) (per curiam) (proper to grant motion to dismiss because R.I. Gen. Laws § 9-30-11 does not require joinder of Attorney General's office when there are no factual allegations supporting claim; it only requires notice so Attorney General can exercise discretion to intervene). The Attorney General represents that he will not seek to intervene in this case and asks to be dismissed with prejudice. Mr. Devaney does not oppose the Attorney General's motion so long as it does not affect his claims against any of the other named defendants. ECF No. 43 at 5.[1] Based on the foregoing, I recommend that Attorney General Kilmartin's Motion to Dismiss Plaintiff's Second Amended Complaint be GRANTED and that the Attorney General be dismissed from the case with prejudice.[2] ECF No. 35.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

---

[1] At the August 5, 2014, hearing, Mr. Devaney confirmed that he does not oppose dismissal with prejudice of his claim against the Attorney General. In addition, and without making his acquiescence to dismissal of the Attorney General contingent on the Court's response, he asked that this Court direct the Attorney General to enforce R.I. Gen. Laws §§ 11-45.1-1, et seq., which criminalizes certain excessive noise levels. I declined to entertain this request because the Attorney General's enforcement of this criminal statute is not at issue in the Second Amended Complaint and because it is not within this Court's prerogative to intervene in the Attorney General's exercise of his prosecutorial discretion. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); United States v. Smith, 178 F.3d 22, 26 (1st Cir. 1999) ("the decision to prosecute is particularly ill-suited to judicial review"); Livermore v. Attorney Gen. for State, 703 A.2d 1121 (R.I. 1997) ("A key aspect of the Attorney General's role as public prosecutor is the element of discretion . . . . This prosecutorial discretion cannot be made subject to a writ of mandamus . . ."); Uzamere v. United States, No. 13-505 S, 2013 WL 5781216, at *10 (D.R.I. Oct. 25, 2013 ) (complaint seeking federal court order directing state to prosecute specific individuals for specified crimes dismissed with prejudice), aff'd, No. 13-2454, Judgment (1st Cir. Apr. 11, 2014).

[2] Because the Attorney General has been put to the burden of twice preparing a defense to Mr. Devaney's claim, dismissal with prejudice is appropriate. 18A Charles Alan Wright, et al., FED. PRAC. & PROC. JURIS. § 4435 "On the Merits" — General Principles (2d ed.) (court may protect defendant that has incurred burden of preparing a defense by specifying that dismissal is with prejudice).

appeal the Court's decision.  See <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 6, 2014